# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky No. 21-42321 |
| Tara Siegle, | Chapter 7 |
| Debtor. | |

## APPLICATION TO APPROVE POST-PETITION FEE AGREEMENT

TO: Trustee; the United States Trustee and other parties in interest specified in Local Rule 9013.

1. Tara Siegle ("Debtor"), debtor in the above case, by her attorney, moves the Court for the approval of the post-petition fee agreement.

2. This court has jurisdiction over this application pursuant to 28 U.S.C. §§157 and 1334, FED.R. BANKR.P. 5005 and Local Rule 1070-1. This application is a core proceeding. The petition commencing this case under Chapter 7 of title 11 United States Code was filed December 23, 2021, and is now pending in this court.

3. This application arises under the Bankruptcy Court's En Banc Order filed November 8, 2021, and December 14, 2021. This motion is filed under FED.R.BANKR.P. 9014. The Debtor requests relief with respect to the approval of the bifurcation agreements.

4. Jeffrey J. Bursell ("Attorney") conducted a bankruptcy consultation with the Debtor to make the determination if bankruptcy is in the Debtor's best interests.

5. Upon the determination that a chapter 7 would be best for the Debtor, Attorney quoted a flat fee for the case and explained the different payment methods (payment in full, 3rd party guaranty, and bifurcation) that the Debtor could use to pay for said services. The fee remained the same regardless of the method the Debtor chose to pay.

6. The Debtor chose to pay the attorney fees via a bifurcation agreement. Attorney quoted the pre-filing attorney fee (including the filing fee) and the post-filing attorney fee.

7. Attorney provided the Pre-Filing Bifurcation Agreement to the Debtor for review and signatures. The Debtor signed the agreement. See Exhibit 1 attached hereto.

8. Attorney performed the required work as directed under the Pre-Filing Bifurcation Agreement and prepared to file the Debtor's bankruptcy case.

9. Prior to filing the bankruptcy case, Attorney provided to the Debtor the Pre-Filing Bifurcation Disclosures. The Debtor signed the disclosures. See Exhibit 2 attached hereto.

10. Upon filing the bankruptcy case, Attorney provided to the Debtor the Post-Filing Bifurcation Agreement. The Debtor agreed to the attorney fees of $1,600.00 and signed the agreement. See Exhibit 3 attached hereto.

11. If oral testimony is necessary as to relevant facts, the debtor shall testify at the hearing.

WHEREFORE, the Debtor moves the Court for its order approving the attached Post-Petition Bifurcation Agreement and for any other relief the Court deems just and proper.

**Dated: December 28, 2021**                    **/e/ _Jeffrey J. Bursell_**

Jeffrey J. Bursell        #0293362
SOLVENT PLLC
2223 5TH St.
P.O. Box 10860
St. Paul, MN 55110-3024
651.374.8881



**BANKRUPTCY ENGAGEMENT AGREEMENT**

Solvent PLLC ("Firm") has agreed to represent you in a chapter 7 bankruptcy case. Please review the entire agreement carefully. If you have any questions, you can contact Jeffrey Bursell at 651.247.1973 or by email at jeff@solventlaw.com. By signing below, you are agreeing to the following terms and conditions:

1.      **The Client.** For purposes of this engagement, the Firm's only clients (the "Client") will be:

Tara Siegle
_____

In this engagement, the Firm will not be representing any other person or entity. In order to avoid misunderstandings and inadvertent conflicts of interest in the future, it is understood that, in the absence of written agreement to the contrary, neither this engagement nor our work in connection with this engagement will be understood or taken to create an attorney-client relationship with any other, including related or affiliated (e.g., parent, subsidiary, shareholder, partner, member, director, officer, employee, insurer, joint venture, relative, etc.), persons or entities.

2.      **Scope of Engagement.**   The Client has decided to retain the Firm in a limited capacity. In this engagement, the Firm will represent the Client in and with pre-chapter 7 bankruptcy analysis, obtaining all relevant documents to properly analyze the Client's matter, preparing a partial bankruptcy petition, and filing the partial petition with the bankruptcy court. Pre-bankruptcy analysis includes an analysis of the Client's financial situation and rendering advice to the Client in determining whether to file a petition in bankruptcy. In connection with the pre-bankruptcy analysis the Firm may pull a public record search for the purpose of supplementing the information provided to the Firm by the Client. The Firm's engagement will be limited to the those enumerated duties as listed above. Certain additional work outlined in Paragraph 14 of this agreement are not contemplated within the client's scope of engagement and require additional payment beyond the flat fee set forth in Paragraph 4 below. Rates for these additional services are set out in Paragraph 14. The Firm contemplates that chapter 7 bankruptcy work may include the items listed in the Notice of Responsibilities attached hereto as **Exhibit A**. This engagement will **NOT** include representation after the filing of the partial petition. A separate post-petition engagement letter will be necessary for the Firm to continue representing the Client. Additional scope of engagement rights, responsibilities and disclosures under this limited engagement letter is incorporated as **Exhibit B**.

3.      **Personnel.**   From time to time, we may involve other lawyers in the Firm, or the Firm's legal assistants, or other timekeeper/lawyers/providers from other firms or individuals, in the services that the Firm performs for the Client.  We will do that when a specific expertise is needed or when doing so is necessary or appropriate to meet timelines or manage the Client's costs. The Firm may also use outside contractors outside of the United States of America on your matters. You consent to our selection and use of such personnel, in our discretion.

4.      **Fees.**   The Client has agreed to pay the Firm a flat fee of $ ^638.00      (the "Fee"). Notwithstanding anything to the contrary herein, nothing will be filed for or on behalf of Client with any court unless and until the entire Fee is received by the Firm, in the Firm's sole determination and satisfaction. The Fee will be paid in full before the Firm will be obligated to file any bankruptcy petition or document. If the representation is terminated prior to the conclusion of the representation, either by Client or the Firm, Client shall be entitled to a refund of all, or a portion of the fees paid prior to the termination. For the purposes of determining a refund, to the extent a refund is necessary, the Firm uses an hourly billing rate that is set and adjusted from time to time based on his or her experience, expertise and the matter being handled as one factor in determining the value of the work performed. Current hourly billing rates: Jeff Bursell = $400, Paralegal = $225. You agree that we may charge the rates currently in effect at the time the work is performed.

5.      **Attorney – Client Privilege.** The Client's communications with the Firm are protected by the attorney-client privilege. The privilege will not apply, however, if the Client does not keep those communications strictly confidential.  The Client should never discuss any of its communications with the Firm that are confidential, with anyone outside of the Firm, unless doing so after conferring with the Firm or another lawyer who represents the Client about such confidentiality.

6.      **Ending the Relationship.** The Firm representation under this agreement naturally terminates upon the filing of the partial petition. The Client may terminate the Firm's representation at any time. Once the partial petition is filed, the Firm can withdraw from representation by obtaining permission from the Court to withdraw from the representation of Client. The Firm reserves the right to withdraw if:

- The Client misrepresents any material fact
- Any other instance that the rules of professional conduct applicable to the Firm forces the Firm to withdraw
- If the Client fails to retain the Firm on a Post-Petition retainer

Client understands that making a deliberate misstatement in connection with their bankruptcy case could subject them to severe criminal penalties as well as loss of a bankruptcy discharge.  If at any time the Firm determines that Client has concealed any asset, liability, source of income or other material fact before the petition is filed, Firm may, in its sole discretion, determine that it must file a motion with the Court to withdraw from the representation of the Client. Until substitute counsel or Bankruptcy Court permission to withdraw is obtained, the Firm will continue to provide legal services to Client in connection with Client's bankruptcy case to the extent required by Local Bankruptcy Rules 9010-3(g)(4), which requires that:

Until a substitution of attorney is filed, or an order is entered allowing the original attorney to withdraw, the original attorney is the client's attorney of record, and the original attorney shall represent the attorney's client in bringing and defending all matters or proceedings in the bankruptcy case other than adversary proceedings in which the original attorney has not yet made an appearance. Failure to receive advance payment or guarantee of attorney's fees is not grounds for failure to comply with this subsection.

Our termination or your termination of services does not affect your obligation to pay legal fees and expenses incurred prior to the effective date of such termination. Unless previously terminated, our representation of the Client will terminate upon written confirmation of the termination by the Firm. Unless we are re-engaged after our representation terminates, we will have no continuing obligation to advise the Client with respect to future legal developments or otherwise monitor renewal or notice dates or similar deadlines that may arise from the matter(s) for which we had been engaged.

7.    **Beginning the Relationship.** The Client's engagement of the Firm will not begin until (a) the Client returns a signed copy of this letter to the Firm and (b) the Firm accepts that copy, either by notifying the Client of that acceptance or beginning the performance of services for the Client. An attorney-client relationship will not exist between the Firm and the Client until all of these things happen.

8.    **Provision of Legal Services.** This engagement is for provision of professional legal services, and not for the provision of business, personal, accounting, technical or other advice not constituting legal services. It is agreed that the client is not relying upon counsel in this engagement for advice in areas other than professional legal services, even if such matters should be discussed in connection with the engagement.

9.    **Electronic Communications.** We may use various forms of electronic communications to discuss matters concerning your representation or other communication. Any such communication is not without some risk. For example, someone with sufficient knowledge, tools, and access could intercept and use information related to those communications. This could cause you to lose your confidentiality and attorney/client privilege protections. However, you approve the use of electronic communications during your representation by us, and after, unless we are instructed otherwise. Client agrees that the Firm may from time to time make calls and/or send text messages to you at any telephone number associated with your account, including wireless telephone numbers that could result in charges to you. The manner in which these calls or text messages are made to you may include, but are not limited to, the use of prerecorded/artificial voice messages and/or automatic telephone dialing system. Client further agrees that the Firm may send e-mails to you at any e-mail address you provide us or use other electronic means of communication to the extent permitted by law. Consent may be revoked at any time and by any reasonable means including by email.

10.   **Results.** At the commencement or during our representation, we may express opinions or beliefs concerning various issues or courses of action and the results that might be anticipated. Any such statement made by any member or employee of our Firm is intended to be an expression of opinion only, based on information available to us at the time, and should not be construed as a promise or guarantee.

11.   **Entire Agreement.** This agreement constitutes the entire agreement between us. This agreement will not be modified or supplemented, except in a subsequent writing signed by the parties.

12.   **File Retention.** After our representation has ended, we will, upon your request, deliver the file for this engagement to you. The return of the Client's files will not include the Firm's internal files, records and working papers (for example, administrative records, time and expense reports, personnel and staffing materials, accounting records, correspondence, lawyers' internal work product such as drafts and notes, internal memoranda, legal and other research, and investigative reports) or any file that is stored electronically in the Firm's computers, all of which will be retained by the Firm and may be destroyed by the Firm in its discretion. We will retain an electronic copy of your file for a period of six years after the matter is closed, but the Firm may, at our discretion, destroy it without

further notice to you, subject to governing rules of professional conduct. At any point during the six-year period, you may request delivery of the file.

13.    **Client Disbursements.** Most matters require, from time to time, certain monetary advances to be made on your behalf by the Firm. Some "client disbursements" represent out-of-pocket charges we advance, others represent internal costs (including costs such as fees for service of process, postage charges, court filing fees, deliveries, charges for legal research, copying charges, travel expenses, computer assisted legal research, costs associated with electronically stored information that may be relevant to the representation, etc.). It is understood that while acting as your lawyers, we have the authority to use our best judgment in making such expenditures on your behalf. Unless we have made prior arrangements with you, we will send you monthly billings for client disbursements incurred during the preceding month. If the nature of the matter is such that we anticipate substantial advances, we may require a separate deposit for such purpose.

14.    **Additional Fees.** The Firm charges additional fees for services that may arise in a bankruptcy case and that are not covered under the Scope of Engagement or Exhibit A.

-    Rescheduling the Meeting of Creditors - $200.00
-    Addition of omitted creditors after filing the petition - $25.00
-    Amendments to the bankruptcy schedules - $200.00
-    Preparing and filing rescission documents - $100.00
-    Defending motions for relief from the automatic stay, motions for dismissal, motions for turnover or objecting to exemptions, attending depositions, other contested matters and U.S. Department of Justice audits, the Firm charges additional attorney fees at the rate of $400.00 per hour, paralegal rate of $225.00 per hour.

15.    **Failure to Receive a Discharge.** Client understands that they will not receive a discharge and the Firm is not responsible for the Client's failure to:

-    Complete a Debtor Education course
-    Cooperate with the trustee, US Trustee, or the bankruptcy court
-    Appear at the 341 Meeting of Creditors or other required hearings

16.    **Credit Cards.** Client acknowledges that the Firm is not allowed to accept a credit card payment for attorney's fees from a debtor/bankruptcy client who intends to list such payment of fees on a credit card as a debt in a bankruptcy proceeding.

17.    **Simultaneous Representation.** Client agrees that, in joint cases, the Firm may represent them jointly as a married couple in connection with the filing of their bankruptcy. The clients agree and have determined that it is in their individual and mutual interest to have a single law firm represent them jointly. This document confirms that both jointly represented clients agree to waive any conflict of interest arising out of our representation of each other in the matter described in this document. It is further understood and agreed that the Firm must freely convey necessary information provided to us by one client to the other and cannot withhold information from either party. If at any time, it becomes apparent there is a conflict and the Firm is unable to represent each party equally, the Firm reserves the right to withdraw from representation so that each individual can consult with their own individual attorney.

18.    **Questions.** One of our goals is to ensure that legal services are delivered effectively and efficiently, and that all billings are accurate and understandable. Please direct any questions about services or billing practices to Jeffrey Bursell.

**THE CLIENT ACCEPTS THE TERMS OF THIS LETTER:**

Date:  12/16/2021


_____
CLIENT

_____
SOLVENT PLLC

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF MINNESOTA**
**NOTICE OF RESPONSIBILITIES OF CHAPTER 7 DEBTORS AND THEIR ATTORNEYS**

This Notice lists certain responsibilities of debtors and their attorneys. Nothing in this document changes, limits, or in any way alters the debtor's or the debtor's attorney's obligations under the Bankruptcy Code, the local and national rules, or any rule of professional responsibility.

UNLESS THE COURT ORDERS OTHERWISE:

Before the case is filed, the attorney for the chapter 7 debtor shall, at a minimum:

- Meet with the debtor to review and analyze the debtor's real and personal property, debts, income, and expenses and advise the debtor on whether to file a bankruptcy petition;
- Explain the various bankruptcy and non-bankruptcy options, the consequences of filing under chapters 7, 11 or 13 and answer the debtor's questions;
- Explain to the debtor how the attorney's fees are paid;
- Advise the debtor of the requirement to provide to the trustee the most recently- filed tax return(s) at least seven days prior to the scheduled meeting of creditors. In addition, advise the debtor of the requirement to attend the meeting of creditors and identify the documents the debtor must bring to the meeting;
- Advise the debtor that providing false information in the bankruptcy schedules or false testimony at the meeting of creditors or other hearing or trial may expose the debtor to criminal prosecution and denial of discharge;
- Advise the debtor of the necessity of maintaining liability, collision, and comprehensive insurance on vehicles securing loans or leases;
- Timely prepare and file the debtor's petition, schedules, statements, certificates, and other documents required to commence a case, and review them for accuracy contemporaneously with the filing.

After the case is filed, the attorney for the chapter 7 debtor shall, at a minimum:

- Ensure that the debtor is adequately represented by an attorney at the meeting of creditors;
- Prepare, file, and serve any necessary amendments to the petition, schedules, and statements;
- Promptly respond to the debtor's questions throughout the case;
- Consider and advise the debtor concerning the debtor's options to buy, sell or refinance real or personal property and assume or reject executory contracts or unexpired leases;
- Prepare and file a proof of claim for a creditor when appropriate to protect the debtor's interest;
- Fully advise the debtor of the legal effect and consequences of proposed reaffirmation agreements and any defaults thereunder and, where appropriate, negotiate alternate terms with secured creditors, ensure that any agreement is fully and properly completed and filed and appear at any hearing, if required;
- Advise the debtor in motions for relief from the automatic stay, file objections when appropriate, and appear, when required, at any hearing;
- Prepare, file, and serve responses to motions for dismissal of the case;
- Advise the debtor of the requirement to complete an instructional course in personal financial management and the consequences of not doing so;
- Represent the debtor in connection with any audit request; and
- Represent the debtor in bringing and defending any and all other matters or proceedings in the bankruptcy case as necessary for the proper administration of the case.
- The attorney shall comply with Local Rule 9010-3 and represent the debtor in bringing and defending all matters in the bankruptcy case until a substitution of attorney is filed or an order is entered allowing the attorney to withdraw.

Unless otherwise agreed, the attorney has no responsibility to represent the debtor in adversary proceedings. However, if an adversary proceeding is filed against the debtor, the attorney will explain to the debtor the estimated cost of providing representation in the adversary proceeding, the risks and consequences of an adverse judgment, and the risks and consequences of proceeding without counsel, as well as the sources, if any, of possible pro bono representation.

Before the case is filed, the chapter 7 debtor shall:

- Fully disclose, review and analyze with the attorney the debtor's real and personal property, all debts, income, expenses and all other financial information needed to properly complete the schedules and statements;
- Prior to and throughout the case respond promptly to all communications from the attorney;

Prior to and throughout the case, timely provide the attorney with full and accurate financial and other information and documentation the attorney requests, INCLUDING BUT NOT LIMITED TO:

- A Certificate of Credit Counseling and any debt repayment plan;
- Proof of income received from all sources in the six-month period preceding filing, including pay stubs, social security statements, workers' compensation payments, income from rental property, pensions, disability payments, child and spousal support, and income from self-employment;
- The most recently filed federal and state income tax returns, or transcripts of returns, as well as any other returns requested by the attorney, the trustee, the court, or a party in interest;
- A government-issued photo identification and proof of social security number, such as a social security card or W-2;
- A record of interest, if any, in an educational individual retirement account or a qualified state tuition program;
- The name, address, and telephone number of any person or state agency to whom the debtor owes back child or spousal support or makes current child or spousal support payments, and any and all supporting court orders, declarations of voluntary support payments, separation agreements, divorce decrees, or property settlement agreements;
- Any insurance policies requested by the attorney;
- Vehicle titles for all cars, trucks, motorcycles, boats, ATVs, and other vehicles titled in the debtor's name;
- Legal descriptions for all real property, wherever located, owned by the debtor or titled in the debtor's name, or in which the debtor has any interest whatsoever, including but not limited to, a timeshare, remainder interest, or life estate;
- Documents relating to any inheritance to which the debtor is entitled or may be entitled;
- Information relating to any foreclosures, repossessions, seizures, wage garnishments, liens, or levies on assets which occurred in the preceding 12 months or continues after the filing of the case;
- Information and documents relating to any prior bankruptcies filed by the debtor(s) or any related entity;
- Any changes in income or financial condition, such as job loss, illness, injury, inheritance, or lottery winnings before or during the case;
- Information and documents relating to any lawsuits in which the debtor is involved before or during the case or claims the debtor has or may have against third parties;
- Information relating to any seizure of tax refunds by the IRS or Department of Revenue;
- All information or documentation needed to respond to any motion or objection in the bankruptcy case;
- Any tax returns, account statements, pay stubs, or other documentation necessary to timely comply with requests made by the United States Trustee or the Chapter 7 Trustee or any audit requests.
- Cooperate with the attorney in preparing, reviewing, and signing the petition, schedules, statements, and all other documents required for filing a bankruptcy case.

After the case is filed, the chapter 7 debtor shall:

- Timely and promptly comply with all applicable bankruptcy rules and procedures;
- Appear punctually at the meeting of creditors with recent proof of income, a government-issued photo identification card, proof of social security number, and copies of all financial account statements covering the date the bankruptcy petition was filed;
- Contact the attorney before buying, refinancing, or contracting to sell real property and before entering into any loan agreement until the debtor receives a discharge;
- Keep the court, the trustee, and the attorney informed of the debtor's current address and telephone number; and
- Complete an approved debtor education course and provide the certificate of attendance to the attorney for filing.

The chapter 7 debtor's attorney shall, both before and after the case is filed, comply with all applicable professional and ethical rules and shall exercise civility in dealings with all entities with which the attorney comes in contact. The attorney shall also advise the chapter 7 debtor to likewise act in a civil and courteous manner, to dress in a manner appropriate for a federal proceeding and debtors shall do so.

**EXHIBIT B**

**GENERAL TERMS AND CONDITIONS OF THE LIMITED PRE-PETITION ENGAGEMENT**

The following general terms and conditions of this limited engagement for chapter 7 bankruptcy services memorializes the Client's understanding about this Pre-Petition Engagement agreement, the Client's understanding of the rights and responsibilities, and the Client's understanding of the Post-Petition Engagement after the filing of the chapter 7 bankruptcy petition.

**SECTION 1 – Acknowledgement of Limited Services.** The bankruptcy process requires: (a) the filing of various schedules and lists, statements, disclosures; (b) the preparation and filing of amendments when required; (c) the attendance at a meeting of creditors and cooperation with the US Trustee and the chapter 7 trustee; (d) compliance with court orders that are issued in a case; (e) responding to other parties of interest; (f) the reaffirmation, redemption, surrender, or retention of personal property securing obligations to creditors; and/or (g) the faithful performance of other duties enumerated in the bankruptcy code.

Client acknowledges and understands that under this agreement, Client shall be solely responsible for complying with the filing and other requirements of the bankruptcy code, court orders, and requests for documents from the US Trustee and chapter 7 trustees after the date on which the partial petition is filed. Any failure to comply with the requirements of the bankruptcy code can result in a dismissal of the case. If the case is dismissed, your creditors can resume all collection actions against you.

==**Client certifies that he/she has read Section 1 and fully comprehends the section.**==

**SECTION 2 – Limited Scope of Services.** Attorney shall provide the following limited services to the Client:

- <u>Assessment, Analysis, Preparation and Filing</u>. Attorney shall:

    o Meet with and consult with Client regarding the Client's bankruptcy options
    o Provide Client with a list of documents necessary to complete a chapter 7 bankruptcy petition
    o Review the documents submitted to determine if a chapter 7 bankruptcy filing is warranted
    o Pull a public records search for the purpose of supplementing the information provided to the Firm by the Client
    o Pull a credit report (in most cases)
    o Prepare the partial petition
    o Consult with the Client immediately prior to filing to update any changes to the Client's situation, obtain specific information that is required at the time of filing (e.g. bank balances), and obtain final authorization to file the partial petition
    o File the partial petition with the bankruptcy court which includes the:
        ▪ Voluntary Petition
        ▪ Creditor Matrix
        ▪ Credit Counseling Certificate

- <u>Excluded Services</u>: While the Attorney shall remain the attorney of record to the extent required by Local Bankruptcy Rule 9010-3(g)(4), this Limited Pre-Petition Engagement is limited to services performed prior to and including the date of the bankruptcy filing. Client acknowledges and understands that the services set forth above are limited and specifically exclude:

    o Filing all remaining documents, lists, statements, or applications not specifically listed in the Pre-Petition Limited Engagement
    o Transmittal of any documents to the United States Trustee or the chapter 7 trustee
    o Representation of the Client at the meeting of creditors and any adjourned hearings thereof
    o Representation of the Client in contested bankruptcy matters or adversary proceedings
    o Reviewing or executing any reaffirmation or assumption agreements

==**Client certifies that he/she has read Section 2 and fully comprehends the section.**==

**SECTION 3 – Client's Understanding of the Attorney's Fees.** The Firm has made the Client aware of the potential ways to pay for attorney's fees in connection with filing a chapter 7 bankruptcy. The options for the Client to pay the attorney's fees include: (a) payment of all fees before filing the bankruptcy petition; (b) payment of the filing fee prior to filing the bankruptcy petition and obtaining a 3rd party to guarantee the attorney's fees; and (c) a bifurcation of the services into Pre-Petition and Post-Petition services.

**Client certifies that he/she has read Section 3 and fully comprehends the section.**

<u>**SECTION 4 – Termination After Limited Services.**</u> Client acknowledges that the representation created by this agreement shall naturally terminate immediately after the filing of the partial petition.

**Client certifies that he/she has read Section 4 and fully comprehends the section.**

<u>**SECTION 5 – Client's Responsibilities After the Partial Petition is Filed.**</u> After filing of the partial petition, Client has the following three options for post-petition legal services:

- o   Client can complete the case *pro se*
- o   Client can hire another bankruptcy attorney to complete the case
- o   Client can hire the Firm to complete the case and enter into a post-petition engagement agreement

Client acknowledges and understands that Client is under no obligation to retained Firm for any post-petition work. Client is free to proceed *pro se* or to retain different counsel of Client's choosing. **The Firm strongly advises Client to retain an experienced bankruptcy attorney to complete the bankruptcy case after the filing of the partial petition.**

**Client certifies that he/she has read Section 5 and fully comprehends the section.**

<u>**SECTION 6 – Post-Petition Engagement Agreement.**</u> If Client and Firm enter into a post-petition engagement agreement, the work performed and fee for services shall be defined by said agreement. Client and Firm hereby agree that any post-petition engagement agreement that would be executed after the partial petition has been filed. Firm shall not be obligated to take on the representation for post-petition services if a material change in Client's circumstances, employment, family, health, living, or other situation makes it improbable that Client will be able to make all payments for post-petition services, or if Firm discovers information that indicates that the information provided by Client to Firm was materially false, misleading, or inaccurate.

**Client certifies that he/she has read Section 6 and fully comprehends the section.**

<u>**SECTION 7 – Debt Created for Post-Petition Services.**</u> Client acknowledges and understands that by entering into an agreement for post-petition services, client will be incurring a debt and promising to pay Firm the amounts set forth in the related engagement agreement. Under the terms of the engagement agreement, Client shall be required to make prompt payments and, subject to bankruptcy rules and the Minnesota Rules of Professional Conduct, Firm shall be entitled to take actions necessary to enforce its right to collect on any balance that remains unpaid after such becomes due. Client shall also be liable for the costs of enforcing Firm's right to payment, including but not limited to related administrative expenses and the court costs of bringing a collection action.

**Client certifies that he/she has read Section 7 and fully comprehends the section.**

<u>**SECTION 8 – Withdrawal of Firm from Representation.**</u> Unless Client retains Firm to perform post-petition services, the Firm may file a motion with the Court to withdraw as counsel, but will remain as attorney of record and is obligated to continue to represent the Client in all respects until such time when the case is closed, dismissed, or the Court enters an Order authorizing the Firm to withdraw from the Case.

**Client certifies that he/she has read Section 8 and fully comprehends the section.**

<u>**SECTION 9 – Client's Responsibilities if Client Fails to Hire Firm on a Post-Petition Engagement Agreement.**</u> If Client does not hire Firm to complete the post-petition legal services necessary to complete the case, Client must do the following to complete the case or otherwise prevent the case from being dismissed: (a) file the completed statements, schedules and related documents with the court within 14 days of filing the emergency petition, including without limitation Schedules A, B, C, D, E, F, G, H, I, J, Statement of Financial Affairs, and Chapter 7 Statement of Intention. These form can be found at   http://www.uscourts.gov/forms/bankruptcy-forms; (b) provide pay advices for the sixty (60) day period immediately before filing the case; (c) comply with all document requests by the US Trustee and the chapter 7 trustee; (d) attend the 341 Meeting of Creditors; (e) complete a debtor education course; and (f) perform any other requirements set forth by the court.

**Client certifies that he/she has read Section 9 and fully comprehends the section.**

By their initials above and signatures below, Client acknowledges having read the foregoing agreement. Client had the opportunity to ask questions about the agreement and obtain answers to those questions before signing below. Client hereby acknowledges having understood the terms and conditions of this agreement and acknowledges that such are true, accurate and in conformity with the parties mutual understanding. Furthermore, Client acknowledges that Firm has advised Client that he/she is encouraged to see independent legal advice regarding this agreement. Client hereby acknowledge and consent to the agreement.

Date: 12/16/2021
_____

_____
CLIENT

_____
SOLVENT PLLC



**SOLVENT PLLC**

### Bifurcation Pre-Petition Disclosure

This disclosure memorializes the general understanding of <u>Tara Siegle</u> ("Client") and Solvent PLLC ("Firm") for the Pre-Petition and Post-Petition engagement option and sets forth the options as discussed between Client and Firm. Accordingly, Client acknowledges and agrees:

1. Client has reviewed, signed, and fully understands the Pre-Petition Engagement agreement.

2. Client understands that the services provided to Client under the Pre-Petition Engagement do not contemplate a complete bankruptcy filing.

3. The Firm has made Client aware of other potential ways to pay for attorney's fees other than through the Pre-Petition and Post-Petition option. Alternative options include client paying the Firm in full prior to filing or obtaining a 3rd party guarantor.

4. After filing of the partial petition under the Pre-Petition/Post-Petition option, Client has the following three options for post-petition legal services:
   a. You can complete your case *pro se*;
   b. You can hire another bankruptcy attorney to complete the case; or
   c. You can hire the Firm to complete the case.

5. Client understands that if Client chooses to hire Firm under the Post-Petition Engagement agreement, the fees arising under the Post-Petition Engagement agreement will NOT be discharged in the bankruptcy case and Client will be liable for all amounts thereunder.

6. Client understands that if Client does not hire Firm to complete the post-petition legal services necessary to complete the case, Client must do the following to complete the case or otherwise prevent the case from being dismissed:
   a. File the completed statements, schedules and related documents with the court within 14 days of filing the emergency petition, including without limitation Schedules A, B, C, D, E, F, G, H, I, J, Statement of Financial Affairs, and Chapter 7 Statement of Intention. The forms can be found at http://www.uscourts.gov/forms/bankruptcy-forms;
   b. Provide pay advises for the sixty (60) day period immediately before filing the case to the court;
   c. Provide the United States Trustee and the chapter 7 trustee any and all document requests;
   d. Attend the meeting of creditors; and
   e. All other required duties and responsibilities in order to obtain a chapter 7 discharge.

7. If you do not hire the Firm for post-petition services, the Firm will continue to provide legal services to Client in connection with Client's bankruptcy case to the extent required by Local Bankruptcy Rules 9010-3(g)(4) until such time when the case is closed, dismissed or the court enters an order authorizing the Firm to withdraw from the case.

8. Client had the opportunity to ask questions and obtain answers to those questions before signing this disclosure, and Client does so consciously and freely.

I (we) have had an opportunity to review the disclosures herein, seek independent legal advice, if I/we so choose and acknowledge and consent to the disclosures contained herein.

Date: <u>12/16/2021</u>        Client: <u>Roe</u>



**SOLVENT PLLC**

## BANKRUPTCY ENGAGEMENT AGREEMENT

Solvent PLLC ("Firm") has agreed to represent you in a chapter 7 bankruptcy case. Please review the entire agreement carefully. If you have any questions, you can contact Jeffrey Bursell at 651.247.1973 or by email at jeff@solventlaw.com. By signing below, you are agreeing to the following terms and conditions:

1.      **The Client.** For purposes of this engagement, the Firm's only clients (the "Client") will be:

Tara Siegle
_____

In this engagement, the Firm will not be representing any other person or entity. In order to avoid misunderstandings and inadvertent conflicts of interest in the future, it is understood that, in the absence of written agreement to the contrary, neither this engagement nor our work in connection with this engagement will be understood or taken to create an attorney-client relationship with any other, including related or affiliated (e.g., parent, subsidiary, shareholder, partner, member, director, officer, employee, insurer, joint venture, relative, etc.), persons or entities.

2.      **Scope of Engagement.** In this engagement, the Firm will represent the Client in connection with a post-petition chapter 7 bankruptcy; provided, however, that the Firm's engagement will be limited to those particular matters as to which the Client requests representation and the Firm agrees to provide representation. The Firm will (a) file any documents, lists, statements, applications required to complete the petition after reviewing such with Client; (b) transmit any documents to the United States Trustee or the chapter 7 trustee; (c) appear at the meeting of creditors and any adjourned hearings; (d) review and execute any reaffirmation or assumption agreements; (e) representation of the Client in contested bankruptcy matters; and (f) other services reasonably necessary to represent the Client. The Firm contemplates that chapter 7 bankruptcy work may include the items listed in the Notice of Responsibilities attached hereto as **Exhibit A**. Certain additional work outlined in Paragraph 14 of this agreement are not contemplated within the client's scope of engagement and require additional payment beyond the flat fee set forth in Paragraph 4 below. For these additional services are set out in Paragraph 14. The Firm reserves the right to assign an attorney to represent the Client at any hearing or court appearance including attorneys not employed by the Firm. This engagement will not include representation related to any litigation or other matter. For litigation or another matter deemed separate by the Firm, a separate engagement letter will be necessary. This engagement does not include any adversary proceedings, appeals, judgment removal, corrections to credit reports, or any other matter not expressly agreed to by the Firm.

3.      **Personnel.** From time to time, we may involve other lawyers in the Firm, or the Firm's legal assistants, or other timekeeper/lawyers/providers from other firms or individuals, in the services that the Firm performs for the Client.  We will do that when a specific expertise is needed or when doing so is necessary or appropriate to meet timelines or manage the Client's costs. The Firm may also use outside contractors outside of the United States of America on your matters. You consent to our selection and use of such personnel, in our discretion.

4.      **Fees.** The Client has agreed to pay the Firm a flat fee of $ 1,600.00     ("Fee"). Client agrees to pay the Fee in monthly installments of $ 200.00     starting thirty (30) days from the date of the Client's bankruptcy filing. The subsequent payments will be due on the [enter date] of each month thereafter. This obligation to pay the attorneys' fees will exist notwithstanding Client's impending discharge in bankruptcy except by an order of the bankruptcy court pursuant to 11 U.S.C. § 328. In joint cases, Client agrees that each spouse is jointly and severally liable for all fees charged in connection with the representation. If one spouse fails to pay, the other spouse is obligated to pay the total amount due to the Firm. If the representation is terminated prior to the conclusion of the representation, either by Client or the Firm, Client shall be entitled to a refund of all, or a portion of the fees paid prior to the termination. For the purposes of determining a refund, to the extent a refund is necessary, the Firm uses an hourly billing rate that is set and adjusted from time to time based on his or her experience, expertise, and the matter being handled as one factor in determining the value of the work performed. Current hourly billing rates: Jeff Bursell = $400, Paralegal = $225. You agree that we may charge the rates currently in effect at the time the work is performed.

If Firm does not receive any payment due under this agreement, then the Firm, at its sole discretion, may pursue legal action to enforce this agreement. Client understands and acknowledges that, Firm shall be entitled to an administrative fee of $150.00 to cover all administrative or clerical expenses incidental to the bringing of a legal action to enforce Firm's right to payment. The rules of professional conduct allow Firm the limited use of your confidential information to establish a claim against you for non-payment. By signing this agreement, Client acknowledges that in event of a default under this agreement, Firm may take legal action against you to enforce its rights to payment and use your personal information for the limited purpose of enforcing such rights.

5.      **Attorney – Client Privilege.** The Client's communications with the Firm are protected by the attorney-client privilege. The privilege will not apply, however, if the Client does not keep those communications strictly confidential.  The Client should never discuss any of its communications with the Firm that are confidential, with anyone outside of the Firm, unless doing so after conferring with the Firm or another lawyer who represents the Client about such confidentiality.

6.      **Ending the Relationship.** The Firm will represent the Client until the completion of the case, the Client terminates the Firm's representation by written notice to the Firm, or the Firm determines, in its sole discretion, that continuing to represent the Client would be an ethical breach or conflict of interest. Since the Client's case is filed, the Firm needs to obtain permission from the bankruptcy court to withdraw from representation of the Client.

Client understands that making a deliberate misstatement in connection with their bankruptcy case could subject them to severe criminal penalties as well as loss of a bankruptcy discharge.  If at any time the Firm determines that Client has concealed any asset, liability, source of income or other material fact before the petition is filed, Firm may, in its sole discretion, determine that it must file a motion with the Court to withdraw from the representation of the Client. Until substitute counsel or Bankruptcy Court permission to withdraw is obtained, the Firm will continue to provide legal services to Client in connection with Client's bankruptcy case to the extent required by Local Bankruptcy Rules 9010-3(g)(4), which requires that:

Until a substitution of attorney is filed, or an order is entered allowing the original attorney to withdraw, the original attorney is the client's attorney of record, and the original attorney shall represent the attorney's client in bringing and defending all matters or proceedings in the bankruptcy case other than adversary proceedings in which the original attorney has not yet made an appearance.  Failure to receive advance payment or guarantee of attorney's fees is not grounds for failure to comply with this subsection.

Our termination or your termination of services does not affect your obligation to pay legal fees and expenses incurred prior to the effective date of such termination. Unless previously terminated, our representation of the Client will terminate upon our sending our final statement for services rendered. Unless we are re-engaged after our representation terminates, we will have no continuing obligation to advise the Client with respect to future legal developments or otherwise monitor renewal or notice dates or similar deadlines that may arise from the matter(s) for which we had been engaged.

7.      **Beginning the Relationship.** The Client's engagement of the Firm will not begin until (a) the Client returns a signed copy of this letter to the Firm and (b) the Firm accepts that copy, either by notifying the Client of that acceptance or beginning the performance of services for the Client. An attorney-client relationship will not exist between the Firm and the Client until all of these things happen.

8.      **Provision of Legal Services.** This engagement is for provision of professional legal services, and not for the provision of business, personal, accounting, technical or other advice not constituting legal services. It is agreed that the client is not relying upon counsel in this engagement for advice in areas other than professional legal services, even if such matters should be discussed in connection with the engagement.

9.      **Electronic Communications.** We may use various forms of electronic communications to discuss matters concerning your representation or other communication. Any such communication is not without some risk. For example, someone with sufficient knowledge, tools, and access could intercept and use information related to those communications. This could cause you to lose your confidentiality and attorney/client privilege protections. However, you approve the use of electronic communications during your representation by us, and after, unless we are instructed otherwise. Client agrees that the Firm may from time to time make calls and/or send text messages to you at any telephone number associated with your account, including wireless telephone numbers that could result in charges to you. The manner in which these calls or text messages are made to you may include, but are not limited to, the use of prerecorded/artificial voice messages and/or automatic telephone dialing system. Client further agrees that the Firm may send e-mails to you at any e-mail address you provide us or use other electronic means of communication to the extent permitted by law. Consent may be revoked at any time and by any reasonable means including by email.

10.     **Results.** At the commencement or during our representation, we may express opinions or beliefs concerning various issues or courses of action and the results that might be anticipated. Any such statement made by any member or employee of our Firm is intended to be an expression of opinion only, based on information available to us at the time, and should not be construed as a promise or guarantee.

11.     **Entire Agreement.** This agreement constitutes the entire agreement between us. This agreement will not be modified or supplemented, except in a subsequent writing signed by the parties.

12.     **File Retention.** After our representation has ended, we will, upon your request, deliver the file for this engagement to you. The return of the Client's files will not include the Firm's internal files, records and working papers (for example, administrative records, time and expense reports, personnel and staffing materials, accounting records, correspondence, lawyers' internal work product such as drafts and notes, internal memoranda, legal and other research, and investigative reports) or any file that is stored electronically in the Firm's computers, all of which will be retained by the Firm and may be destroyed by the Firm in its discretion. We will retain an electronic copy of your file for a period of six years after the matter is closed but the firm may, at our discretion, destroy it without further notice to you, subject to governing rules of professional conduct. At any point during the six-year period, you may request delivery of the file.

13.     **Client Disbursements.** Most matters require, from time to time, certain monetary advances to be made on your behalf by the Firm. Some "client disbursements" represent out-of-pocket charges we advance, others represent internal costs (including costs such as fees for service of process, postage charges, court filing fees, deliveries, charges for legal research, copying charges, travel expenses, computer assisted legal research, costs associated with electronically stored information that may be relevant to the representation, etc.). It is understood that while acting as your lawyers, we have the authority to use our best judgment in making such expenditures on your behalf. Unless we have made prior arrangements with you, we will send you monthly billings for client disbursements incurred during the preceding month. If the nature of the matter is such that we anticipate substantial advances, we may require a separate deposit for such purpose.

14.     **Additional Fees.** The Firm charges additional fees for services that may arise in a bankruptcy case and that are not covered under the Scope of Engagement or Exhibit A.

- Rescheduling the Meeting of Creditors - $200.00
- Addition of omitted creditors after filing the petition - $25.00
- Amendments to the bankruptcy schedules - $200.00
- Preparing and filing rescission documents - $100.00
- Defending motions for relief from the automatic stay, motions for dismissal, motions for turnover or objecting to exemptions, attending depositions, other contested matters and U.S. Department of Justice audits, the Firm charges additional attorney fees at the rate of $400.00 per hour, paralegal rate of $225.00 per hour.

15.     **Failure to Receive a Discharge.** Client understands that they will not receive a discharge and the Firm is not responsible for the Client's failure to:

- Complete a Debtor Education course
- Cooperate with the trustee, US Trustee, or the bankruptcy court
- Appear at the 341 Meeting of Creditors or other required hearings

16.     **Credit Cards.** Client acknowledges that the Firm is not allowed to accept a credit card payment for attorney's fees from a debtor/bankruptcy client who intends to list such payment of fees on a credit card as a debt in a bankruptcy proceeding.

17.     **Simultaneous Representation.** Client agrees that, in joint cases, the Firm may represent them jointly as a married couple in connection with the filing of their bankruptcy. The clients agree and have determined that it is in their individual and mutual interest to have a single law firm represent them jointly. This document confirms that both jointly represented clients agree to waive any conflict of interest arising out of our representation of each other in the matter described in this document. It is further understood and agreed that the Firm must freely convey necessary information provided to us by one client to the other and cannot withhold information from either party. If at any time, it becomes apparent there is a conflict and the Firm is unable to represent each party equally, the Firm reserves the right to withdraw from representation so that each individual can consult with their own individual attorney.

18.     **Questions.** One of our goals is to ensure that legal services are delivered effectively and efficiently, and that all billings are accurate and understandable. Please direct any questions about services or billing practices to Jeffrey Bursell.

**THE CLIENT ACCEPTS THE TERMS OF THIS LETTER:**

Date: 12/23/2021

_____          _____
CLIENT                                                            SOLVENT

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF MINNESOTA**
**NOTICE OF RESPONSIBILITIES OF CHAPTER 7 DEBTORS AND THEIR ATTORNEYS**

This Notice lists certain responsibilities of debtors and their attorneys. Nothing in this document changes, limits, or in any way alters the debtor's or the debtor's attorney's obligations under the Bankruptcy Code, the local and national rules, or any rule of professional responsibility.

UNLESS THE COURT ORDERS OTHERWISE:

Before the case is filed, the attorney for the chapter 7 debtor shall, at a minimum:

- Meet with the debtor to review and analyze the debtor's real and personal property, debts, income, and expenses and advise the debtor on whether to file a bankruptcy petition;
- Explain the various bankruptcy and non-bankruptcy options, the consequences of filing under chapters 7, 11 or 13 and answer the debtor's questions;
- Explain to the debtor how the attorney's fees are paid;
- Advise the debtor of the requirement to provide to the trustee the most recently- filed tax return(s) at least seven days prior to the scheduled meeting of creditors. In addition, advise the debtor of the requirement to attend the meeting of creditors and identify the documents the debtor must bring to the meeting;
- Advise the debtor that providing false information in the bankruptcy schedules or false testimony at the meeting of creditors or other hearing or trial may expose the debtor to criminal prosecution and denial of discharge;
- Advise the debtor of the necessity of maintaining liability, collision, and comprehensive insurance on vehicles securing loans or leases;
- Timely prepare and file the debtor's petition, schedules, statements, certificates, and other documents required to commence a case, and review them for accuracy contemporaneously with the filing.

After the case is filed, the attorney for the chapter 7 debtor shall, at a minimum:

- Ensure that the debtor is adequately represented by an attorney at the meeting of creditors;
- Prepare, file, and serve any necessary amendments to the petition, schedules, and statements;
- Promptly respond to the debtor's questions throughout the case;
- Consider and advise the debtor concerning the debtor's options to buy, sell or refinance real or personal property and assume or reject executory contracts or unexpired leases;
- Prepare and file a proof of claim for a creditor when appropriate to protect the debtor's interest;
- Fully advise the debtor of the legal effect and consequences of proposed reaffirmation agreements and any defaults thereunder and, where appropriate, negotiate alternate terms with secured creditors, ensure that any agreement is fully and properly completed and filed and appear at any hearing, if required;
- Advise the debtor in motions for relief from the automatic stay, file objections when appropriate, and appear, when required, at any hearing;
- Prepare, file, and serve responses to motions for dismissal of the case;
- Advise the debtor of the requirement to complete an instructional course in personal financial management and the consequences of not doing so;
- Represent the debtor in connection with any audit request; and
- Represent the debtor in bringing and defending any and all other matters or proceedings in the bankruptcy case as necessary for the proper administration of the case.
- The attorney shall comply with Local Rule 9010-3 and represent the debtor in bringing and defending all matters in the bankruptcy case until a substitution of attorney is filed or an order is entered allowing the attorney to withdraw.

Unless otherwise agreed, the attorney has no responsibility to represent the debtor in adversary proceedings. However, if an adversary proceeding is filed against the debtor, the attorney will explain to the debtor the estimated cost of providing representation in the adversary proceeding, the risks and consequences of an adverse judgment, and the risks and consequences of proceeding without counsel, as well as the sources, if any, of possible pro bono representation.

Before the case is filed, the chapter 7 debtor shall:

- Fully disclose, review and analyze with the attorney the debtor's real and personal property, all debts, income, expenses and all other financial information needed to properly complete the schedules and statements;
- Prior to and throughout the case respond promptly to all communications from the attorney;

Prior to and throughout the case, timely provide the attorney with full and accurate financial and other information and documentation the attorney requests, INCLUDING BUT NOT LIMITED TO:

- A Certificate of Credit Counseling and any debt repayment plan;
- Proof of income received from all sources in the six-month period preceding filing, including pay stubs, social security statements, workers' compensation payments, income from rental property, pensions, disability payments, child and spousal support, and income from self-employment;
- The most recently filed federal and state income tax returns, or transcripts of returns, as well as any other returns requested by the attorney, the trustee, the court, or a party in interest;
- A government-issued photo identification and proof of social security number, such as a social security card or W-2;
- A record of interest, if any, in an educational individual retirement account or a qualified state tuition program;
- The name, address, and telephone number of any person or state agency to whom the debtor owes back child or spousal support or makes current child or spousal support payments, and any and all supporting court orders, declarations of voluntary support payments, separation agreements, divorce decrees, or property settlement agreements;
- Any insurance policies requested by the attorney;
- Vehicle titles for all cars, trucks, motorcycles, boats, ATVs, and other vehicles titled in the debtor's name;
- Legal descriptions for all real property, wherever located, owned by the debtor or titled in the debtor's name, or in which the debtor has any interest whatsoever, including but not limited to, a timeshare, remainder interest, or life estate;
- Documents relating to any inheritance to which the debtor is entitled or may be entitled;
- Information relating to any foreclosures, repossessions, seizures, wage garnishments, liens, or levies on assets which occurred in the preceding 12 months or continues after the filing of the case;
- Information and documents relating to any prior bankruptcies filed by the debtor(s) or any related entity;
- Any changes in income or financial condition, such as job loss, illness, injury, inheritance, or lottery winnings before or during the case;
- Information and documents relating to any lawsuits in which the debtor is involved before or during the case or claims the debtor has or may have against third parties;
- Information relating to any seizure of tax refunds by the IRS or Department of Revenue;
- All information or documentation needed to respond to any motion or objection in the bankruptcy case;
- Any tax returns, account statements, pay stubs, or other documentation necessary to timely comply with requests made by the United States Trustee or the Chapter 7 Trustee or any audit requests.
- Cooperate with the attorney in preparing, reviewing, and signing the petition, schedules, statements, and all other documents required for filing a bankruptcy case.

After the case is filed, the chapter 7 debtor shall:

- Timely and promptly comply with all applicable bankruptcy rules and procedures;
- Appear punctually at the meeting of creditors with recent proof of income, a government-issued photo identification card, proof of social security number, and copies of all financial account statements covering the date the bankruptcy petition was filed;
- Contact the attorney before buying, refinancing, or contracting to sell real property and before entering into any loan agreement until the debtor receives a discharge;
- Keep the court, the trustee, and the attorney informed of the debtor's current address and telephone number; and
- Complete an approved debtor education course and provide the certificate of attendance to the attorney for filing.

The chapter 7 debtor's attorney shall, both before and after the case is filed, comply with all applicable professional and ethical rules and shall exercise civility in dealings with all entities with which the attorney comes in contact. The attorney shall also advise the chapter 7 debtor to likewise act in a civil and courteous manner, to dress in a manner appropriate for a federal proceeding and debtors shall do so.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky No. 21-42321 |
| Tara Siegle, | Chapter 7 |
| Debtor. | |

## MEMORANDUM IN SUPPORT OF THE APPLICATION
## TO APPROVE POST-PETITION FEE AGREMENT

### FACTS

The factual basis for the approval of the post-petition fee agreement is described in the accompanying motion.

### DISCUSSSION

Debtors, faced with mounting pressure from creditors, turn to bankruptcy attorneys to help provide them with competent legal representation; however, due to the current state of the law, paying for said services can be a daunting endeavor to debtors due to the way bankruptcy law is currently written. Typically, debtors do not have a reservoir of funds to pay up front for bankruptcy services. When debtors do not have access to bankruptcy court and left on their own, they are at the mercy of their creditors and are not afforded access to a judicial system that is meant to protect them.

In *In re Hazlett*, Bankruptcy Case Number 16-30360 (Bankr. Utah 2019), the Court stated that there are "challenges to debtors, debtors' counsel, and the Chapter 7 system when individuals . . . do not have the ability to pay a pre-petition retainer to hire an attorney." Debtors who cannot afford an attorney are faced with undesirable choices which include filing *pro se*, hiring a bankruptcy petition preparer, being improperly placed in a chapter 13 to pay the attorney fees when ethically, the debtor should file a chapter 7, working with an attorney that presents them with problematic solutions (such as paying by post-dated checks, paying with a credit card, cashing out a retirement fund, or taking out additional loans. *Id*. The Debtor may simply give up and be denied access to a judicial system that is meant to help debtors obtain a fresh start.

Solvent provides chapter 7 services on a flat-fee arrangement. The fee charged to each client is based upon the complexity of the case. Solvent's clients are presented with three options to pay for the attorney fees: payment in full, use of a third-party agreement or bifurcation. Regardless of what option the client choses, the fee remains the same and there is no interest or late fees charged for any of the payment plans. See *Ridings v. Casamatta (In re Allen)*, 628 B.R. 641 (B.A.P. 8th Cir. 2021). In addition, Solvent does not use any factoring or credit company to fund the bifurcation program. The program is funded solely by Solvent for the benefit of its clients.

The issue presented to the Court here is the use of a bifurcated fee arrangement.

> The phrase "bifurcation of fees" in bankruptcy refers to the practice of separating services provided to a client into services provided prepetition and post-petition. Some services are provided prepetition for one fee (whether a flat fee or based on an hourly charge), which is paid before the bankruptcy petition is filed, and then any additional services that are provided post-petition are charged for, and paid for, post-petition. *In re Brown, et al,* Bankruptcy Case Number 20-23632 (Bankr. S.D. Fla. 2021) at 14.

In crafting the bifurcation program, Solvent followed the Court's direction as put forth in the following cases: *In re Carr*, 613 B.R. 427 (Bankr. E.D. Ky. 2020), *In re Hazlett*, Bankruptcy Case Number 16-30360 (Bankr. Utah 2019), *In re Brown, et al,* Bankruptcy Case Number 20-23632 (Bankr. S.D. Fla. 2021), and *Walton v. Clark & Washington, P.C.,* 469 B.R. 383 (Bankr. M.D. Fla. 2012). Specifically, clients that utilize Solvents bi-furcation fee program are advised as follows:

1. At the initial consultation, the different methods of paying the attorney fees are discussed between the attorney and the client.

2. The attorney provides a pre-petition bifurcation retainer to the client. See Exhibit 1 attached hereto.

3. The pre-petition bifurcation agreement fully discloses the rights and responsibilities under the agreement.

4. The agreement requires that the client initial all specific disclosures for a bifurcation agreement.

5. Prior to filing, the client signs a pre-filing bifurcation disclosure. This disclosure is designed to make sure clients fully understand the bifurcation process and reiterates all specifics of a bifurcation agreement. See Exhibit 2 attached hereto.

6. After the case is file, the debtor is presented the post-petition bifurcation fee agreement which they are free to sign and continue representation with Solvent, continue *pro se*, or hire another attorney. See Exhibit 3 attached hereto.

In the present case, the bifurcation agreements meet all requirements imposed by the various bankruptcy courts that have dealt with bifurcation agreements. The agreements do not violate bankruptcy law or Minnesota Rules of Professional Conduct. The agreements are used in good faith and afford equal access to justice in the bankruptcy court.

CONCLUSION

The post-petition fee agreement should be approved.

**Dated: December 28, 2021**　　　　　　　　／e／ *Jeffrey J. Bursell*

　　　　　　　　　　　　　　　　　　　　　　Jeffrey J. Bursell　　　#0293362
　　　　　　　　　　　　　　　　　　　　　　SOLVENT PLLC
　　　　　　　　　　　　　　　　　　　　　　2223 5TH St.
　　　　　　　　　　　　　　　　　　　　　　P.O. Box 10860
　　　　　　　　　　　　　　　　　　　　　　St. Paul, MN 55110-3024
　　　　　　　　　　　　　　　　　　　　　　651.374.8881

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky No. 21-42321 |
| Tara Siegle, | Chapter 7 |
| Debtor. | |

### UNSWORN CERTIFICATE OF SERVICE

I, Trish Wolter, employed by Solvent PLLC, attorneys licensed to practice law in this Court, with office address of 2223 5th Street, P.O. Box 10860, St. Paul, Minnesota 55110-3024, declare that on December 28, 2021, I served the Application to Approve the Post-Petition Fee Agreement and Memorandum of Law to each of the entities named below named below who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

United States Trustee
John R. Stoebner, Panel Trustee

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: December 28, 2021

Signed: /e/ Trish Wolter

      Paralegal

REVISED 12/15

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:  Siegle, Tara Lynn                                                Case No. 21-42321

Debtor(s).

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES & STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☐ MODIFIED CHAPTER 13 PLAN
☑ OTHER: PLEASE DESCRIBE:  Bifurcation Fee Application

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1.      The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2.      The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3.      [**individual debtors only**] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4.      I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5.      My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6.      [**corporate and partnership debtors only**]] y] I have been authorized to file this petition on behalf of the debtor.

Date:  12/28/2021

X _fra_____                        X _____
Signature of Debtor 1 or Authorized            Signature of Debtor 2
Representative

_____Tara Lynn Siegle_____              _____
Printed name of Debtor 1 or Authorized         Printed Name of Debtor 2
Representative

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MINNESOTA

---

In re:                                          Bky No. 21-42321

Tara Siegle,                                    Chapter 7

Debtor.

---

## ORDER

---

This matter came before the Court on the application to approve post-petition fee agreement.

Upon the foregoing record:

**IT IS HEREBY ORDERED:**

1.      The post-petition fee agreement at issue in this matter is approved.

2.      Jeffrey J. Bursell is allowed compensation in the amount of $1,600.00.


Dated:                                      _____
                                            U.S. Bankruptcy Judge