# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

| | |
|---|---|
| **Tara Lynn Siegle,** | Chapter 7 |
| Debtor. | Bankruptcy No. 21-42321 |

## RESPONSE TO SUPPORT BRIEF

1. The Acting United States Trustee ("UST") submits this Response to Solvent's Support Brief (DE #25).

2. Debtor's attorneys, Solvent, PLLC, filed a voluntary chapter 7 petition on behalf of Debtor on December 23, 2021. Solvent filed a certificate of credit counseling and Debtor's signature declaration on the same date. Five days later, Solvent filed the bankruptcy schedules, statement of financial affairs, and other required documents. Solvent also filed an Application to Approve Post-Petition Fee Agreement ("Application") on December 28, 2021.

3. The Court held a hearing on Solvent's Application on January 27, 2022 and issued its Order for Supplemental Briefing the next day. The Court identified nine discrete issues in its Order for Supplemental Briefing, denoted in Paragraphs 2a. through 2i. of the Order. The Court amended its Order on February 9, 2022 to adjust deadlines but did not alter the substance of its Order.

4. Solvent filed a brief in support of its Application on February 10, 2022 (DE #25).

5.      The UST responds to Solvent's brief as set forth in the attached memorandum of law.

Dated: March 10, 2022

JAMES SNYDER
ACTING UNITED STATES TRUSTEE
REGION 12

/e/ Colin Kreuziger
Colin Kreuziger
Trial Attorney
MN Atty No. 0386834
Office of U.S. Trustee
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1350

## **VERIFICATION**

I, Colin Kreuziger, trial attorney for the United States Trustee, the movant named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed on March 10, 2022

/e/ Colin Kreuziger
Colin Kreuziger
Trial Attorney
MN Atty No. 0386834
Office of U.S. Trustee
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1350

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

**In re:**

| | |
|---|---|
| **Tara Lynn Siegle,** | Chapter 7 |
| **Debtor.** | Bankruptcy No. 21-42321 |

## MEMORANDUM OF LAW

The facts are as stated in the attached verified response. The Court identified nine discrete issues in its Order for Supplemental Briefing, denoted in Paragraphs 2a. through 2i. of the Order, and Solvent briefed each of the issues. Respectfully, the UST declines to take a position on issues 2a.-c., and 2e.-i. The UST will, however, address issue 2d. to the extent necessary to clarify his position on the reasonableness inquiry contained in Section 329(b).

**I.    The United States Trustee's Position on Section 329(b)**

In its brief, Solvent writes: "In other cases, the U.S. Trustee appears to argue that an attorney's fees under a bifurcation agreement are unreasonable because there is a large differential between pre- and post-petition fees being paid. But that is not the appropriate test." *See* Solvent Br., at 12.

The UST has challenged the reasonableness of fees in cases that demonstrate a large differential between pre- and post-petition fees. But it is not the UST's position that such a differential, standing alone, is objectionable.

Instead, the standard for analyzing compensation paid to debtors' attorneys is

stated in Section 329(b) itself: "If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—(1) the estate, if the property transferred—(A) would have been property of the estate; or (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or (2) the entity that made such payment."

This is a case-by-case inquiry. For example, in the case of *In re Ryan*, Case No. 19-33190 (Bankr. D. Minn. 2019), the UST challenged the reasonableness of the debtor's attorney's compensation and the related bifurcated fee arrangements under Section 329(b). In *Ryan*, the debtor's attorney provided substantial pre-petition services that he valued at $680, *waived* those pre-petition fees, and then proceeded to charge an additional $2,000 for his post-petition services. Thus, there was a $2,000 differential between pre-petition and post-petition attorney fees. But the debtor's attorney also admitted that the reasonable value of his post-petition services was only $1,285.80, and that his typical fee for an entire case was between $1,500 and $1,700. In other words, the record simply did not support a $2,000 post-petition fee in that particular case, and the differential between pre-petition and post-petition fees was not critical to the reasonableness analysis.

Solvent misreads *In re Carr*, 613 B.R. 427 (Bankr. E.D. Ky. 2020). In *Carr*, both the United States Trustee and the chapter 7 trustee participated in the proceedings. *See id.* at 438. Neither contended that the debtor's counsel's fees were unreasonable. *See*

*id.* The chapter 7 trustee, however, did argue that "the Attorneys did more work prepetition than post-petition and, therefore, should have been paid more prepetition for that prepetition work." *Id.* at 439. So the argument attributed to the UST by Solvent was actually made by the chapter 7 trustee, not the UST. In any event, there has been no allegation in this case that Solvent performed more work pre-petition than it did post-petition.

The other case that Solvent cites in its brief, *In re Brown*, 631 B.R. 77 (Bankr. S.D. Fla. 2021), is distinguishable from the case at bar. In *Brown*, the debtor's attorney provided "meaningful services . . . prepetition for little or no charge. Postpetition additional services were provided, but at a cost that the UST has argued is excessive and unreasonable, especially compared to the low or non-existent prepetition charge. Thus, the UST questions whether the postpetition fees are reasonable under section 329." *Id.* at 93. Two of the three cases considered in *Brown* involved *no* pre-petition fees charged for substantial pre-petition work. *See id.* at 86-91. The third case appeared to involve pre-petition collection of the filing fee only, and no charges for substantial pre-petition work. *See id.* at 86-87.

Here, Solvent has not provided prepetition services for little or no charge; it charged pre-petition fees of $300 and also collected the bankruptcy filing fee of $338 pre-petition. This is not a case where the debtor's attorney charged nothing for pre-petition services.

In any event, the UST has not filed a motion seeking a determination of the

reasonableness of Solvent's compensation in this case, so he is not making the arguments that Solvent contends are misguided in its brief. The Court should analyze reasonableness under Section 329(b) on a case-by-case basis.

Dated: March 10, 2022                 JAMES SNYDER
ACTING UNITED STATES TRUSTEE
REGION 12

/e/ Colin Kreuziger
Colin Kreuziger
Trial Attorney
MN Atty No. 0386834
Office of U.S. Trustee
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1350

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

**Tara Lynn Siegle,**                                    Chapter 7

    **Debtor.**                                   Bankruptcy No. 21-42321

___

## UNSWORN CERTIFICATE OF SERVICE
___

    The undersigned states under penalty of perjury that on March 10, 2022, she electronically filed the Response to Support Brief, Verification, Memorandum of Law, thereby generating electronic service upon all entities registered as CM/ECF users in this case. She also served the following individuals or entities by first class mail postage prepaid to the mailing addresses:

**Addressees:**

Tara Lynn Siegle
3719 139th Ave NW
Andover, MN 55304


Dated:   March 10, 2022                    /e/ Audrey Williams
                                                                                Audrey Williams
                                                                                Office of the United States Trustee